**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JHAIR FRAN ALVAREZ NAVARRO,<br>Petitioner,<br><br>v.<br><br>WARDEN PHILEDELPHIA FEDERAL<br>DETENTION CENTER, et al.,<br>Respondents. | CIVIL ACTION<br>NO. 26-305 |

**ORDER**

**AND NOW**, this 30th day of March 2026, upon consideration of Petitioner's Motion to

Enforce (Doc. No. 7) and the Government's Response in Opposition (Doc. No. 9), it

is **ORDERED** that Petitioner's Motion (Doc. No. 7) is **DENIED**.[1]

---

[1]    By way of background, this case arises out of Petitioner Jhair Fran Alvarez Navarro's
("Petitioner") Petition for a Writ of Habeas Corpus.  (Doc. No. 1.)  The Court is familiar with
the facts of Petitioner's case, which are set forth in the Order issued on January 30, 2026, in
which the Court granted Petitioner's Writ for Habeas Corpus.  (See Doc. No. 6.)  Further, in
the January 30, 2026 Order, the Government was directed to either provide Petitioner with a
bond hearing by February 9, 2026 or release him.  (Id. at 3.)

On February 9, 2026, a bond hearing was held before an immigration judge, as directed in
the January 30, 2026 Order.  At the bond hearing, Petitioner presented arguments and
submitted documents into evidence demonstrating his ties to the community.  (See Doc. No.
9, Ex. 1 Bond Hearing Transcript at 03:37–6:16.)  The presiding immigration judge
determined, however, that Petitioner was a flight risk and ordered that Petitioner remain in
federal custody.  (Doc. No. 7 at 5.)  In reaching this determination, the immigration judge
noted (1) Petitioner's manner of entry into the United States, (2) Petitioner's lack of a fixed,
stable address, and (3) Petitioner's apparent failure to pay taxes.  (Id.)

In response to being denied bond, on February 9, 2026, Petitioner filed on the same date a
Motion to Enforce this Court's January 30, 2026 Order.  (Doc. No. 7.)  On February 13,
2026, Respondents filed a Response in Opposition.  (Doc. No. 9.)  The Motion to Enforce
(Doc. No. 7) is now ripe for disposition.

Petitioner's Motion to Enforce (Doc. No. 7) will be denied for two reasons: (1) this Court
lacks jurisdiction to overturn the decision rendered by the immigration judge on February 9,
2026 and (2) Petitioner has not demonstrated the bond hearing was so fundamentally unfair
as to deprive him of due process.

1

BY THE COURT:

/s/ Joel H. Slomsky
_____
JOEL H. SLOMSKY, J.

---

First, this Court lacks jurisdiction to "review any discretionary determinations underlying the [immigration judge's] bond decision." See Ghanem v. Warden Essex Cnty. Corr. Facility, No. 21-cv-1908, 2022 WL 574624, at *2 (3d Cir. 2022 Feb. 25 2022) (citing 8 U.S.C. § 1226(e)) (declining to address the merits underlying an immigration judge's decision to deny bond because "[a] motion to enforce is not the proper avenue to relitigate the merits of a bond order.")).  Instead, Petitioner must appeal the immigration judge's February 9, 2026 decision directly to the Board of Immigration Appeals ("BIA").  See Lino v. Soto, No. 25-18518, 2026 WL 63678, at *2 (D.N.J. Jan. 8, 2026) (noting that "any challenge" to the immigration judge's decision to deny bond "must be presented to the [BIA].").  Thus, Petitioner's recourse lies with the BIA's appeals process—not with this Court. (Id.)

Second, Petitioner likewise fails to illustrate how the February 9, 2026 bond hearing did not comport with the requirements of due process.  A fundamentally fair bond hearing that complies with the requirements of due process has three critical elements: (1) factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) the ability to make arguments in support of the petitioner's position; and (3) the right to an individualized determination of one's interests.  Ghanem, 2022 WL 574624, at *2.

The record reflects that Petitioner's bond hearing comported with the minimum requirements of due process.  First, Petitioner had the opportunity to present evidence during the bond hearing demonstrating his ties to the community.  (See Doc. No. 9, Ex. 1 Bond Hearing Transcript at 03:37–6:16.)  Second, Petitioner was able to make arguments in support of his position.  (See id.) (arguing that Petitioner is not a flight risk.)  Third, the presiding immigration judge made an individualized determination and decided that Petitioner was a flight risk.  (See id. at 12:21.)  While Petitioner may disagree with the outcome of the bond hearing, such disagreement does not mean Petitioner's due process rights were violated. Ghanem, 2022 WL 574624, at *3.

For the foregoing reasons, Petitioner's Motion to Enforce the January 30, 2026 Order (Doc. No. 7) will be denied.

2